IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| REED MILLER, | : | |
| | : | Civil Action File No. |
| Plaintiff, | : | |
| | : | |
| vs. | : | Jury Trial Demanded |
| | : | |
| THE CITY OF DACULA, GEORGIA, | : | |
| | : | |
| Defendant. | : | |

## COMPLAINT

Plaintiff Reed Miller ("Miller"), by and through undersigned counsel and pursuant to Fed. R. Civ. P. 7, brings this Complaint against Defendant The City of Dacula, Georgia ("Dacula, Georgia") and shows the Court as follows:

### 1. INTRODUCTION

1.

Plaintiff brings this action because Defendant Dacula, Georgia failed to pay Miller for his "compensatory time" accrued over the course of his career pursuant to the overtime requirements of the Fair Labor Standards Act.

2.

In addition to his federal causes of action, Plaintiff asserts pendent state law claims which arise out of the same set of operating facts as his federal claims. These are (1) breach of contract, (2) quantum meruit and (3) promissory estoppel.

## 2. JURISDICTION AND VENUE

3.

This Court has subject matter jurisdiction over the present action under Article III, § 2 of the United States Constitution, FLSA §16(b), 29 U.S.C. § 216(b), 28 U. S.C § 1331, because this case arises under the FLSA, a federal statute that affects interstate commerce.

4.

This Court has supplemental jurisdiction over Miller's state law claims set forth herein arising under Georgia law in accord with 28 U.S.C. §1367 because the state law claims are so related to the federal claims that they form part of the same case or controversy.

5.

Venue properly lies in the Northern District of Georgia under 28 U.S.C. § 1391 because Dacula, Georgia is located in this judicial district and a substantial portion of the events giving rise to the claims herein arose in this judicial district.

## 3. The Parties

6.

Miller resides in Gwinnett County, Georgia.

7.

At all times material hereto, Miller was an "employee" of Dacula, Georgia", a "public agency" as defined in 29 U.S.C. § 203(3)(2)(C).

8.

At all times material hereto, Dacula, Georgia- as a "public agency" was an "employer" of Miller as defined in FLSA § 3(d), 29 U.S.C. §203(d).

9.

Dacula, Georgia is a municipal corporation organized under the Constitution and the laws of the State of Georgia.

10.

At all times material hereto, Dacula, Georgia has been a "public agency" as defined in FLSA §3(x), 29 U.S.C. § 203(x).

11.

Dacula, Georgia is a "public agency" of the State of Georgia within the meaning of 29 USC § 203(s)(1)(C).

12.

Dacula, Georgia is subject to the personal jurisdiction of this Court.

13.

Dacula, Georgia may be served with process through its Mayor Jimmy Wilbanks, 442 Harbins Road, Dacula, Georgia 30019.

**Factual Allegations**

14.

Dacula, Georgia employed Miller as a Marshal in and around Dacula, Georgia from June 2002 until July 2, 2015.

15.

At all times relevant hereto Miller's duties included rescuing crime and accident victims.

16.

At all times relevant hereto Miller's duties included preventing or detecting crimes.

17.

At all times relevant hereto Miller's duties included conducting investigations and inspections for violations of law.

18.

At all times relevant hereto Miller's duties included performing surveillance.

19.

At all times relevant hereto Miller's duties included pursuing, restraining and apprehending suspects.

20.

At all times relevant hereto Miller's duties included detaining or supervising suspected and convicted criminals.

21.

At all times relevant hereto Miller's duties included interviewing witnesses.

22.

At all times relevant hereto Miller's duties included interrogating suspects.

23.

At all times relevant hereto Miller's duties included preparing investigative reports.

24.

At all times relevant hereto Miller's duties included directing traffic.

25.

At all times relevant hereto Miller's duties included code enforcement.

26.

At all times relevant hereto Miller's duties included code enforcement which consisted of, but was not limited to, issuing citations for numerous violations such

as noncompliance with sign ordinances, parking violations, grass being too high and garbage and debris on properties.

27.

As a Marshal, Miller was involved in “preventing or detecting crimes; conducting investigations or inspections for violations of law; performing surveillance; pursuing, restraining and apprehending suspects; detaining or supervising suspected and convicted criminals, including those on probation or parole; interviewing witnesses; interrogating and fingerprinting suspects; preparing investigative reports; or other similar work” within the meaning of 29 C.F.R. § 541.3(b)(1).

28.

In addition, Miller performed other duties for the City of Dacula, Georgia.

29.

At all times material hereto, Dacula, Georgia did not employ Miller in a bona fide professional capacity within the meaning of 29 USC § 213 (a).

30.

At all times material hereto, Dacula, Georgia did not employ Miller in a bona fide administrative capacity within the meaning of 29 USC § 213 (a).

31.

At all times material hereto, Dacula, Georgia did not employ Miller in a bona fide executive capacity within the meaning of 29 USC § 213 (a).

32.

At all times material hereto, Miller was not exempt from the maximum hour requirements of the FLSA by reason of any exemption.

33.

At all times material hereto, Miller was entitled to compensation (either in cash or by compensatory time within the meaning of 29 C.F.R. § 553.22) at one and one half times his regular rate for all work performed in excess of 40 hours in each work week.

34.

At all times relevant hereto, Miller reported to the City Manager, Jim Osborn.

35.

At all times relevant hereto, Jim Osborn supervised Miller's performance of his duties as Marshal.

36.

At all times relevant hereto, Jim Osborn exercised authority and supervision over Miller's compensation.

37.

At all times relevant hereto, Jim Osborn was aware that Miller was accruing compensatory hours in lieu of cash overtime wages.

38.

At all times relevant hereto, city payroll records indicated that Miller was accruing compensatory hours in lieu of cash overtime wages.

39.

Miller was not paid for the compensatory time he had accrued upon his separation from Defendant's employment.

**COUNT I — FAILURE TO PAY OVERTIME**

40.

The allegations in all previous paragraphs are incorporated by reference as if fully set out in this paragraph.

41.

At all times material hereto, Miller has been an employee covered by the FLSA and entitled to the overtime protections set forth in FLSA § 7(a), 29 U.S.C. § 207(a).

42.

During his employment with Dacula, Georgia, Miller regularly worked in excess of forty (40) hours each week.

43.

Rather than paying Miller for the overtime that he worked, Dacula, Georgia converted all overtime hours worked by Miller into "comp time."

44.

At all times relevant, accrued and unused compensatory time carried over each year of Miller's employment.

45.

Miller accrued approximately 3,236.90 hours of "comp time" that he had not used.

46.

Upon his termination on July 2, 2015, Miller was legally entitled to be paid for all the "comp time" hours he had accrued but had not used as of that time pursuant to 29 U.S.C. § 207(o)(4).

47.

As of the date of filing of this Complaint, Dacula, Georgia has failed and refused to compensate Miller for the comp time he accrued from June 2002 through July 2, 2015.

48.

Miller is entitled to payment of overtime in an amount to be determined at trial, in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

49.

As a result of the underpayment of overtime compensation as alleged above, Miller is entitled to liquidated damages in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

50.

As a result of the underpayment of overtime compensation as alleged above, Miller is entitled to his litigation costs, including his reasonable attorney's fees in accordance with FLSA § 16(b); 29 U.S.C. § 216(b).

## COUNT II - BREACH OF CONTRACT

51.

The allegations in all previous paragraphs are incorporated by reference as if fully set out in this paragraph.

52.

Miller and Dacula, Georgia were parties to a contract of employment (hereafter "the Contract") from on or about June 2002 through July 2, 2015.

53.

The Contract provided that Dacula, Georgia would pay Miller for work that was performed by Miller on behalf of and for the benefit of Dacula, Georgia.

54.

Dacula, Georgia's failure to pay Miller for accrued comp time from on or about June 2002 through July 2, 2015 constitutes a material breach of the Contract.

55.

As the direct and foreseeable result of this breach, Miller has sustained and continues to sustain damages in an amount to be proved at trial.

## COUNT III – QUANTUM MERUIT

56.

The allegations in all previous paragraphs are incorporated by reference as if fully set out in this paragraph.

57.

From on or about June 2002 through July 2, 2015, Miller served as a Marshal for Dacula, Georgia.

58.

Miller's service as a Marshal for Dacula, Georgia as described above was valuable to Dacula, Georgia.

59.

Dacula, Georgia requested Miller's service as a Marshal.

60.

Dacula, Georgia knowingly accepted Miller's service as a Marshal.

61.

The receipt of Miller's services as a Marshal for Dacula, Georgia without compensation would be unjust.

62.

Miller expected to be compensated at the time he provided his services as a Marshal.

63.

Miller is entitled to a recover from Dacula, Georgia the reasonable value of the services he provided as a Marshal for Dacula, Georgia, in an amount to be determined at trial.

## COUNT IV - PROMISSORY ESTOPPEL

64.

The allegations in all previous paragraphs are incorporated by reference as if fully set out in this paragraph.

65.

In or about June 2002, Dacula, Georgia promised to pay Miller in return for Plaintiff's service as a Marshal for them.

66.

At all times relevant hereto Dacula, Georgia maintained a policy, practice, and custom of compensating its Marshal for all time he worked in excess of 40 hours in

a pay period by allowing him to accrue compensatory time in lieu of payment for overtime, which he could redeem by taking paid time off or by payment for any accrued-but-unused compensatory time at the rate of pay applicable at the time of redemption.

67.

At all times relevant hereto Dacula, Georgia promised Miller that he would compensated for all time he worked in excess of 40 hours in a pay period by allowing him to accrue compensatory time in lieu of payment for overtime, which he could redeem by taking paid time off or by payment for any accrued-but-unused compensatory time at the rate of pay applicable at the time of redemption.

68.

At all times relevant hereto Dacula, Georgia reasonably should have expected Miller to rely upon its promise to compensate him for all time he worked in excess of 40 hours in a pay period by allowing him to accrue compensatory time in lieu of payment for overtime, which he could redeem by taking paid time off or by payment for any accrued-but-unused compensatory time at the rate of pay applicable at the time of redemption.

69.

At times relevant hereto Miller worked in excess of 40 hours in 7 day pay periods in reliance upon Dacula, Georgia's policy, practice and custom of compensating him for such overtime by allowing him to accrue comp time for such overtime which he

could redeem by taking paid time off or by payment for any accrued-but-unused compensatory time at the rate of pay applicable at the time of redemption.

70.

At all times relevant hereto when Miller worked in excess of 40 hours in a seven day pay period he did so in reliance upon Dacula, Georgia's promise to compensate him for all time he worked in excess of 40 hours in a pay period by allowing him to accrue compensatory time in lieu of payment for overtime, which he could redeem by taking paid time off or by payment for any accrued-but-unused compensatory time at the rate of pay applicable at the time of redemption.

71.

Dacula, Georgia should have reasonably expected that Miller would induce action in reliance of said promise, i.e., serve as a Marshal for Defendant.

72.

Dacula, Georgia's promise induced Miller to act in reliance thereof, i.e., to serve as a Marshal for Dacula, Georgia, to his detriment.

73.

Miller's service as a Marshal for Dacula, Georgia conferred a benefit on Dacula, Georgia.

74.

Dacula, Georgia failed to pay Miller in accordance with their promise.

75.

Miller relied on Dacula, Georgia's promise.

76.

Miller's reliance on Dacula, Georgia's promise was reasonable.

77.

Injustice can only be avoided by enforcement of Dacula, Georgia's promise.

78.

Miller is entitled to a recover from Dacula, Georgia the reasonable value of the services he provided as a Marshal for Dacula, Georgia, in an amount to be determined at trial.

WHEREFORE, Plaintiff respectfully prays:

1. That Plaintiff's claims be tried before a jury;
2. Issue an Order holding Defendant to be an "employer" as that term is defined under the FLSA;
3. That Plaintiff be awarded an amount to be determined at trial against Defendant in unpaid overtime compensation due under the FLSA, plus an additional like amount in liquidated damages;
4. That Plaintiff have and recover judgment against Defendant for the pendent State claims herein asserted in amounts to be proved at trial;
5. That Plaintiff be awarded costs of litigation, including his reasonable attorneys' fees from Defendant; and

6. For such other and further relief as the Court deems just and proper.

Respectfully submitted,

*DELONG CALDWELL BRIDGERS FITZPATRICK & BENJAMIN, LLC*

3100 CENTENNIAL TOWER
101 MARIETTA STREET
ATLANTA, GEORGIA 30303
(404) 979-3171
(404) 979-3170 (f)
michaelcaldwell@dcbflegal.com
charlesbridgers@dcbflegal.com

*/S/ MICHAEL A. CALDWELL*
MICHAEL A. CALDWELL
GA. BAR NO. 102775

*/S/CHARLES R. BRIDGERS*
CHARLES R. BRIDGERS
GA. BAR NO. 080791

COUNSEL FOR PLAINTIFF